Louis S. Ederer
louis.ederer@arnoldporter.com
Matthew T. Salzmann
matthew.salzmann@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York  10019
Phone (212) 836-8000

*Attorneys for Plaintiffs Bulgari S.p.A. and
Bulgari Corporation of America*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

BULGARI S.P.A. and BULGARI
CORPORATION OF AMERICA,

                Plaintiffs,

              - against -

KENNETH JAY LANE, INC. and ROUGE
JARDIN JEWELRY, LLC d/b/a CZ BY
KENNETH JAY LANE,

                Defendants.

------------------------------------------------------------ x

Civil Action No. _____

**COMPLAINT**

Plaintiffs, by and through their undersigned attorneys, complain of Kenneth Jay Lane, Inc. ("KJL") and Rouge Jardin Jewelry, LLC d/b/a CZ by Kenneth Jay Lane ("Rouge Jardin") (collectively "Defendants"), and allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs seek injunctive relief and damages for KJL's acts of breach of contract and Defendants' acts of design patent infringement and unfair competition, in violation of the laws of the United States and the State of New York.

**JURISDICTION AND VENUE**

2.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiffs' claims are predicated upon the U.S. Patent Laws, as amended, 35 U.S.C. § 271 *et seq.*, and substantial and related claims under the common law of the State of New York.

3.      Personal jurisdiction may be exercised over Defendants under New York CPLR § 301, on the basis that both KJL and Rouge Jardin regularly conduct business in the State of New York, in that each is organized under the laws of the State of New York and maintains its principal place of business in New York, New York.

4.      Venue is properly founded in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1400(a) and (b), because a substantial part of the events giving rise to these claims occurred within this District and/or because Defendants reside in this District.

**THE PARTIES**

5.      Plaintiff Bulgari S.p.A. is an Italian corporation with its principal place of business at Lungotevere Marzio, 11, Rome, Italy.  Bulgari S.p.A. owns all design patent and other intellectual property rights and registrations in connection with the business of selling world famous BVLGARI brand products.

6.       Plaintiff Bulgari Corporation of America is a corporation duly organized and existing under the laws of the State of New York, and maintains its principal place of business at 625 Madison Avenue, New York, New York 10022.  Bulgari Corporation of America is in the business of distributing jewelry, watches, accessories, fragrances and other high-quality products bearing, and/or sold under, the world famous BVLGARI brand name in the United States and other territories.  For purposes of this Complaint, except where specified, Plaintiffs Bulgari S.p.A. and Bulgari Corporation of America are hereinafter referred to collectively as "Bulgari."

7. Upon information and belief, KJL is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 20 West 37th Street, New York, New York 10018.

8. Upon information and belief, Rouge Jardin is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 20 West 37th Street, New York, New York 10018.

## THE BULGARI BRAND AND BUSINESS

9. Bulgari was founded by Sotirio Bulgari in 1884. In 1905, Sotirio Bulgari, along with his sons Costantino and Giorgio, opened a shop in via Condotti in Rome, Italy, where the Bulgari flagship store is located today.

10. From its modest beginnings, Bulgari has grown to become one of the world's largest and most revered jewelers. New York City was Bulgari's first international retail location. Today, Bulgari stores in New York City are located at exclusive locations at 730 Fifth Avenue and 783 Madison Avenue.

11. Bulgari's jewelry items consist of distinctive and original designs, including design elements and features that have become synonymous with Bulgari in the eyes of the public, consumers and the luxury goods industry.

12. Bulgari's products are marketed to fashion-conscious consumers and are sold only in Bulgari-owned stores, at authorized specialty retail stores, in authorized high-end department stores, and through Bulgari's own website.

13. Bulgari's jewelry is world-renowned and regarded as a global symbol of fashion, luxury and prosperity. The BVLGARI brand is highly successful and well known throughout the United States and the world.

14. Among Bulgari's most important assets is the intellectual property associated with the BVLGARI brand. In addition to its brand name — BULGARI and BVLGARI — and other registered trademarks, Bulgari owns numerous design patents covering certain of its unique jewelry designs.

## THE 2012 ACTION AND PERMANENT INJUCTION ON CONSENT

15. On August 13, 2012, Bulgari filed an action against KJL in the United States District Court for the Southern District of New York, captioned *Bulgari S.p.A., et al. v. Kenneth Jay Lane, Inc.*, 12 cv 6194 (AKH), seeking injunctive relief and damages for acts of copyright infringement, design patent infringement and unfair competition (the "2012 Action").

16. Among the claims Bulgari asserted against KJL in the 2012 Action was a claim for infringement of U.S. Design Patent No. D606,894, issued on December 29, 2009, for a unique and innovative bracelet design (the "Bulgari Design Patent"). A drawing of the Bulgari Design Patent appears below and a true and correct copy of U.S. Design Patent No. D606,894 is attached hereto as **Exhibit A**:



17. Specifically, in the 2012 Action Bulgari alleged that the following KJL bracelet design infringed the Bulgari Design Patent (the "Accused Product"):

4



18. Thereafter, Bulgari and KJL entered into a settlement agreement, dated as of August 30, 2012, resolving the 2012 Action (the "2012 Settlement Agreement"). A true and correct copy of the 2012 Settlement Agreement is attached as **Exhibit B**.

19. Pursuant to Paragraph 2 of the 2012 Settlement Agreement, KJL:

> agree[d] to cease and desist from designing, creating, manufacturing, importing, sourcing, exporting, distributing, supplying, purchasing, offering for sale, selling, promoting, advertising, marketing, commercially exploiting and/or trafficking in, anywhere in the world, any products constituting or bearing: (i) the Accused Products; (ii) any design … substantially the same in appearance to the Bulgari Design Patent.

Exhibit B at ¶ 2(a).

20. KJL further "agree[d] that it will not use, or direct any third party to use any Bulgari products, whether they be physical products or images thereof, in the process of designing or sourcing any KJL products, without Bulgari's express written authorization." Exhibit B at ¶ 2(b).

21. As part of the 2012 Settlement Agreement, KJL also agreed to the Court's entry of a Permanent Injunction on Consent, which the Court entered on September 28, 2012. A true and correct copy of the Permanent Injunction on Consent is attached as **Exhibit C**.

22. Among other things, the Permanent Injunction on Consent provides that:

> 1. KJL and its divisions, subsidiaries and related companies, as well as its agents, servants, employees, attorneys and all natural or legal persons acting on its behalf, or in concert with any of them, shall be PERMANENTLY ENJOINED and RESTRAINED, from the date of this judgment forward from attempting to do or causing to be done, directly or

5

indirectly, by any means, method, or device whatsoever, or by any persons whomsoever, the following acts:

…

    b.  Importing, manufacturing, purchasing, selling, offering for sale, advertising, promoting and/or distributing goods, products and/or other merchandise that contain or consist of designs that are substantially the same as the design protected by [] Bulgari's U.S. Design Patent No. D606,894[], as depicted below:



including without limitation the following product sold by KJL:



Exhibit C at ¶ 1(b).

**KJL'S BREACH OF THE 2012 SETTLEMENT AGREEMENT AND VIOLATION OF THE PERMANENT INJUCNTION ON CONSENT AND DEFENDANTS' ACTS OF INFRINGEMENT AND UNFAIR COMPETITION**

23. Notwithstanding the 2012 Settlement Agreement and Permanent Injunction on Consent, in or around June 2019, Bulgari became aware of the ring style depicted below, which is comprised of a design that is substantially the same as the Bulgari Design Patent, being sold under the "CZ by Kenneth Jay Lane" brand name (the "Infringing Product"):



6

24. Accordingly, and as required under Paragraph 6(a)(i) of the 2012 Settlement Agreement, by letter dated June 12, 2019, Bulgari provided KJL with written notice of (a) its infringement of the Bulgari Design Patent, and (b) contempt of the Permanent Injunction on Consent.

25. In response, KJL's President, rather than complying with the cure provisions of the 2012 Settlement Agreement, initially advised that he did not know who put out the Infringing Product, and that "it appears that [they] are putting our name on something that is not being sold by us." Thereafter, KJL's President further advised that "[t]he ring in question has been found to be offered by our licensee, CZ by Kenneth Jay Lane. They are an independent company only affiliated with us through the license." KJL's President also stated "I / Kenneth Jay Lane, Inc. had absolutely no knowledge that the said ring was being offered. I suggest you find the infringing party [referring to Rouge Jardin]".

26. Upon information and belief, KJL first granted Rouge Jardin an exclusive license to manufacture and sell jewelry under the "CZ by Kenneth Jay Lane" brand name in or around 2009, approximately three years prior to the 2012 Settlement Agreement.

27. Upon information and belief, the terms of KJL's license agreement with Rouge Jardin obligate KJL to review and approve all jewelry products sold under the "CZ by Kenneth Jay Lane" brand name including, without limitation, the Infringing Product.

28. In marketing and promoting "CZ by Kenneth Jay Lane" brand jewelry products, Rouge Jardin's promotional materials state that it "joined forces" with KJL in 2009, that "CZ by Kenneth Jay Lane" products are designed "under the watchful eye of Kenneth Jay Lane", and that the "collaborative talents of these two industry icons [referring to KJL and Rouge Jardin] resulted in a fabulous nouveaux CZ jewelry collection that is being offered internationally."



**Designers join forces**

Jardin Jewelry, of New York, and famed jewelry designer, Kenneth Jay Lane, joined forces in 2009 to create a new signature collection "CZ by Kenneth Jay Lane". Kenneth Jay Lane has made a name for himself custom designing and outfitting celebrities and socialites with his elegant fashion jewelry for decades. The "CZ by Kenneth Jay Lane" licensing collaboration is already selling in hundreds of high end retail stores. Jardin, LLC (Jardin) is an established entity in the fashion jewelry business. Combined, they have over 60 years of experience.

**The essence of this signature CZ collection**

While Kenneth Jay Lane's branded jewelry has long sparkled with crystal, pearls and colorful enamels, this is Lane's first foray into the cubic zirconia (CZ) sector. The essence of this CZ collection is to infuse designer details into classic styling that can be described as CZ jewelry with uniqueness, quality manufacturing, trendy design elements and timeless beauty.

CZ jewelry has been a staple in every woman's accessory wardrobe for many years. Technically speaking, CZ possesses comparable hardness and refractive index properties to precious gemstones like diamond, sapphire, ruby and emerald. The CZ used in this collection is meticulously hand cut and hand set by jewelry experts who use the same techniques for precious stones. "CZ by Kenneth Jay Lane" aspires to be known as the source for new, creative styling in CZ.

**The "CZ by Kenneth Jay Lane" jewelry collection represents affordable luxury.**

The design team, under the watchful eye of Kenneth Jay Lane, creates the jewelry styles by looking beyond the traditional designs and processes. Our designers are inspired by fashion trends which enable us to bring authentic jewelry pieces with rich, artistry details to our discerning customers year after year.

The collaborative talents of these two industry icons resulted in a fabulous nouveaux CZ jewelry collection that is being offered internationally. "CZ by Kenneth Jay Lane" takes a woman's lifestyle into consideration. We design for all of the events of your life; CZ basics for everyday wearing, resort, sporting events, corporate wear, Little-Black-Dress (LBD) events, special occasion, evening wear, bridal and for no other reason than to just look amazing!

## FIRST CLAIM FOR RELIEF
## BREACH OF THE 2012 SETTLEMENT AGREEMENT
### (KJL)

29. The allegations set forth in paragraphs 1 through 28 hereof are adopted and incorporated by reference as if fully set forth herein.

30. The 2012 Settlement Agreement, entered into to resolve the 2012 Action, is a valid contract, supported by good and valuable consideration.

31. A material term of the 2012 Settlement Agreement was KJL's undertaking to "cease and desist from designing, creating, manufacturing, importing, sourcing, exporting, distributing, supplying, purchasing, offering for sale, selling, promoting, advertising, marketing, commercially exploiting and/or trafficking in, anywhere in the world, any products constituting or bearing: (i) the Accused Products; (ii) any design … substantially the same in appearance to the Bulgari Design Patent."

8

32. By continuing to approve or otherwise authorize and commercially exploit jewelry products bearing designs that are substantially the same in appearance as the Bulgari Design Patent, KJL has materially breached the terms of the 2012 Settlement Agreement.

33. Upon information and belief, by its conduct, KJL intends to continue to breach the terms of the 2012 Settlement Agreement by allowing Rouge Jardin to design and distribute jewelry products under the "CZ by Kenneth Jay Lane" brand name that infringe Bulgari's rights in the Bulgari Design Patent.

34. Upon information and belief, by its conduct, KJL has made and will continue to make profits and gains to which it is not in law or equity entitled.

35. KJL's acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Bulgari, and Bulgari has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## <u>DESIGN PATENT INFRINGEMENT</u>
### (KJL & Rouge Jardin)

36. The allegations set forth in paragraphs 1 through 35 hereof are adopted and incorporated by reference as if fully set forth herein.

37. Bulgari is the lawful owner of the Bulgari Design Patent (U.S. Design Patent No. D606,894).

38. Defendants, without authorization from Bulgari, have designed, manufactured, distributed, advertised, promoted, sold and offered for sale jewelry products that are colorable imitations of the Bulgari Design Patent.

39. Upon information and belief, Defendants had actual or constructive knowledge of the Bulgari Design Patent, and have willfully manufactured, distributed, advertised, promoted, sold and offered for sale jewelry products embodying designs that are substantially the same as the design protected by U.S. Design Patent No. D606,894.

40. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

41. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

42. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Bulgari, and Bulgari has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION
### (KJL & Rouge Jardin)

43. The allegations set forth in paragraphs 1 through 42 hereof are adopted and incorporated by reference as if fully set forth herein.

44. Defendants' aforesaid conduct constitutes unfair competition with Bulgari under the common law of the State of New York.

45. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Bulgari, and Bulgari has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. Finding that, (a) as to Count 1, KJL willfully breached the 2012 Settlement Agreement; (b) as to Count 2, Defendants engaged in willful infringement of the Bulgari Design Patent, and (c) as to Count 3, Defendants engaged in willful unfair competition under the common law of the State of New York.

2. That Defendants and all those acting in concert with them, including their subsidiaries, affiliates, divisions, officers, directors, principals, agents, servants, employees, successors and assigns, and all of those on notice of this action, be preliminarily and permanently enjoined from:

    (a) designing, manufacturing, importing, distributing, supplying, promoting, marketing, advertising, offering for sale and/or selling the Infringing Product and other goods that contain or consist of designs that are substantially the same as the design protected by Bulgari's U.S. Design Patent No. D606,894; and

    (b) unfairly competing with Bulgari in any manner.

  3. That Defendants be required to recall all infringing items and advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials, and any means of making such infringing items.

  4. That Defendants be directed to file with the Court and serve upon Bulgari, within thirty (30) days after service of a judgment or order upon Defendants, a written report under oath setting forth in detail the manner in which Defendants have complied with the requirements set forth above in paragraphs 1 through 3.

  5. That Defendants be directed to account to Bulgari for all gains, profits and advantages derived from Defendants' wrongful acts.

  6. That Defendants pay to Bulgari any damages sustained by Bulgari by reason of the their wrongful acts, together with interest thereon.

  7. That Bulgari be awarded reasonable attorneys' fees under 35 U.S.C. § 285.

  8. That Bulgari be awarded Rouge Jardin's total profit on the sale of colorable imitations of the Bulgari Design Patent under 35 U.S.C. § 289.

  9. That Bulgari be awarded liquidated damages in the amount of $25,000.00 as against KJL, pursuant to the terms of the 2012 Settlement Agreement.

  10. That KJL pay to Bulgari the costs and disbursements of this action, pursuant to the terms of the 2012 Settlement Agreement.

11. That Bulgari be awarded pre-judgment interest on any monetary award issued to Bulgari hereunder.

12. That Bulgari be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York  
July 24, 2019

ARNOLD & PORTER  
KAYE SCHOLER LLP

By: /s/ Louis S. Ederer  
Louis S. Ederer  
louis.ederer@arnoldporter.com  
Matthew T. Salzmann  
matthew.salzmann@arnoldporter.com  
250 West 55th Street  
New York, New York 10019  
Phone (212) 836-8000

*Attorneys for Plaintiffs Bulgari S.p.A. and Bulgari Corporation of America*