UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

BULGARI S.P.A. and BULGARI CORPORATION OF AMERICA,

Plaintiffs,

- against -

KENNETH JAY LANE, INC. and ROUGE JARDIN JEWELRY, LLC d/b/a CZ BY KENNETH JAY LANE,

Defendants.

------------------------------------------------------------ x

Civil Action No.: 1:19-CV-06878-JSR

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/20

## PERMANENT INJUNCTION ON CONSENT

WHEREAS, Plaintiffs Bulgari S.p.A, a corporation duly organized and existing under the laws of Italy, having its principal place of business in Rome, Italy, and Bulgari Corporation of America, a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 625 Madison Avenue, New York, New York (collectively, "Bulgari"), instituted an action against Defendants Kenneth Jay Lane, Inc. ("KJL"), a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 20 West 37th Street, New York, New York, and Rouge Jardin Jewelry, LLC d/b/a CZ by Kenneth Jay Lane ("Rouge Jardin"), a limited liability company duly organized and existing under the laws of the State of New York, having its principal place of business at 20 West 37th Street, New York, New York, in the United States District Court for the Southern District of New York, captioned *Bulgari S.p.A., et al. v. Kenneth Jay Lane, Inc., et al.*, 1:19-cv-06878-JSR (the "Action"), seeking injunctive relief and damages for KJL's alleged acts of breach of contract, and KJL and Rouge Jardin's alleged acts of copyright infringement, design

patent infringement and unfair competition, in violation of the laws of the United States and the State of New York, all arising out of KJL's and Rouge Jardin's marketing, promotion and sale of jewelry products; and

WHEREAS, KJL and Rouge Jardin having submitted to the Court's jurisdiction; and

WHEREAS, the Court having jurisdiction over the subject matter of this Action and over KJL and Rouge Jardin, and venue in this Action being proper in this judicial district; and

WHEREAS, the parties having been afforded the opportunity to consult with attorneys of their own choice in connection with the execution of this Permanent Injunction On Consent, and having entered into a Settlement Agreement dated as of January 9, 2020, providing, among other things, for entry of this Permanent Injunction On Consent.

**IT IS HEREBY ORDERED AND DECREED** that:

1. KJL and Rouge Jardin and their respective divisions, subsidiaries and related companies, as well as their respective agents, servants, employees, attorneys and all natural or legal persons acting on their behalf, or in concert with any of them, shall be PERMANENTLY ENJOINED and RESTRAINED, from the date of this judgment forward, from attempting to do or causing to be done, directly or indirectly, by any means, method, or device whatsoever, or by any persons whomsoever, the following acts:

    a. Importing, manufacturing, purchasing, selling, offering for sale, advertising, promoting and/or distributing goods, products and/or merchandise that contain or consist of designs that infringe the design protected by the Bulgari's U.S. Design Patent No. D606,894, as depicted below,



including without limitation the following product previously sold under the "CZ by Kenneth Jay Lane":



      b.      Importing, manufacturing, purchasing, selling, offering for sale, advertising, promoting and/or distributing any goods, products and/or merchandise that contain or consist of designs that infringe the design claimed to be protected by the Bulgari's Italian Copyrighted Design, as depicted below,



including without limitation the following product previously sold under the "CZ by Kenneth Jay Lane":



2. The Court retains jurisdiction of this action for purposes of enforcing the provisions of this Permanent Injunction On Consent by way of contempt motion or otherwise.

3. This Permanent Injunction On Consent shall be enforceable against KJL's and Rouge Jardin's respective officers, agents, servants, employees, subsidiaries, related companies, successors and assigns (the "Enjoined Parties"), and all parties who are in active concert and participation with the Enjoined Parties, to the extent permitted by law.

4. The parties waive any right to appeal this Permanent Injunction On Consent.

5. Each party hereto shall bear its own costs and attorneys' fees arising from this action.

Dated: New York, New York
January 9, 2020

By: /Louis S. Ederer/
Louis S. Ederer, Esq.
Matthew T. Salzmann, Esq.
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
louis.ederer@arnoldporter.com
matthew.salzmann@arnoldporter.com

*Attorneys for Plaintiffs*

By: /FrankAMazzeo/
Frank A. Mazzeo, Esq.
Ryder, Mazzeo & Konieczny LLC
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
(215) 997-0248
fmazzeo@rmkiplaw.com

*Attorney for Defendants*

SO ORDERED AND DECREED this 19th day of January, 2020.

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE